## Case No. 507.

### The ARCHER.

[9 Ben. 455.][1]

District Court, S. D. New York. April, 1878.

CARGO AND FREIGHT—BONDING—SECURITY—
CHANGE OF CLAIM.

1. A vessel, cargo, and freight being attached on a libel on a bottomry bond, the owner of the cargo moved for leave to bond in its value less the freight on paying the freight into court, and the libellant, opposing, moved for a sale of the cargo: Held, That, as it appeared likely that the proceeds of the sale of the vessel alone would be sufficient to meet the demand of the libellant, if proved, the sale of the cargo would not be ordered; but the cargo must be bonded in its full value and not less freight.

2. It is no reason for refusing to a libellant any part of the customary security, that he seems to have much more than enough security.

3. A claimant of a vessel, filed a claim in which he averred that he was a mortgagee in possession. The libellant denied his right to appear and claim, and on a reference it was determined that the claimant was a mortgagee in possession. Thereafter he applied for leave to withdraw that claim and file a new one averring that he was the owner of the vessel. The libellant objected. Held, That the motion would be granted, no other party having been affected by the proceedings or suffering prejudice.

[4. Cited in The Two Marys, 10 Fed. 925, to the point that a common law lien is enforceable under the general power of a court of admiralty.]

[In admiralty. For a subsequent hearing in this case on motion to take out of registry the proceeds of sale of the vessel upon giving the customary bond, see The Archer, Case No. 508.]

Theodore F. Meyer and R. D. Benedict, for libellant.
W. W. Goodrich, for claimant of vessel.
Butler, Stillman & Hubbard, for claimant of cargo.

CHOATE, District Judge. This is a libel on a bottomry bond against vessel, cargo, and freight. The vessel, cargo, and freight having been attached, and claimants having appeared for vessel and freight and also for cargo, the claimant of the cargo now moves to be allowed, on paying the freight into court, to bond the cargo for its value in this port, less the freight. The claimant of the vessel consents; the libellant objects. The ground of the motion is that the extreme interest of the owner of the cargo

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

in the cargo, on which the libellant can have obtained security by the bottomry bond, is the value of the cargo in this port, less the freight; that the master cannot have hypothecated what was not at risk; that when the bond was given it covered only the value of the cargo as it was in the foreign port where the bottomry bond was given; that the amount of the freight has been added to that value, and that if the owner of the cargo pays the freight and is made liable also for the full value of the cargo, he will have to pay freight twice, while all that he has at risk is the cargo, which he may, if he will, abandon, without paying freight.

But I am referred to no statute, rule, or decision. which authorizes the bonding of property in the custody of the court for less than its actual value, and it seems to me that all equities as between the owner of the cargo and the libellant, growing out of the fact that the freight is paid into court, and the other circumstances referred to, should be considered and determined upon the hearing of the cause. If the libellant is not entitled as against the cargo or its owner to a larger sum than the value of the cargo in this port, less the freight which he will have paid, his equity in that regard will not be affected or impaired by his giving bond for the value of the cargo. However plain his apparent equity may be, it should not be determined on this motion. The libellant claims to hold a lien on vessel, cargo, and freight, and he, having attached them, may well object to any of the property attached being taken from the custody of the court without the customary security for its value, and the fact that he seems to have much more than sufficient security, is no reason for depriving him of any part of it.

A motion is also made on behalf of the libellant for the discharge and sale of the cargo, which consists of empty petroleum barrels.

Upon the affidavits, it appears that the proceeds of the vessel are likely to be sufficient to discharge the libellant's claim. The cargo will not, therefore, be ordered sold against the opposition of the claimant of the cargo, but if it shall not be bonded nor sold with the consent of the claimant, an order may be entered for its discharge from the vessel within ten days before the time fixed for the sale of the vessel.

A motion is also made by the claimant of the vessel to withdraw his claim filed on the 22d day of March, 1878, and to substitute another claim filed by him on the 12th of April. In the first he claimed as mortgagee in possession; in the second, as owner.

When the first claim was put in, his right to appear and claim was denied, and upon a reference to the clerk and the clerk's report it was determined that he was mortgagee in possession.

Notwithstanding what has taken place, I think the claimant should be allowed to state his claim in the form which he now prefers. The question whether he is owner, or mortgagee in possession, is rather a question of law than a question of fact. The claimant does not now, by his new claim, seek to deny or controvert any of the facts relied upon by him upon the reference to determine his former claim, and I cannot see that any other party has been affected in any way by the proceedings so as to suffer prejudice from the granting of this motion.

Motion granted that the claim filed April 12th, 1878, stand as the claim of said Harrison, claimant of the vessel, upon payment of the costs of the reference under his former claim.